## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2015, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Chris M. Teagle
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
James D. Boyer
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of T.B. & K.B. (Children) and T.B., Sr. (Father);

T.B., Sr. (Father),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

December 23, 2015

Court of Appeals Case No.
05A02-1505-JT-480

Appeal from the Blackford Circuit Court

The Honorable Dean A. Young, Judge

Trial Court Cause No.
05C01-1411-JT-79
05C01-1411-JT-80

**May, Judge.**

[1] T.B., Sr. ("Father") appeals the involuntary termination of his parental rights to T.B. and K.B. (collectively, "Children"). He argues the Department of Child Services (DCS) did not prove the conditions under which Children were removed would not be remedied. We affirm.

## Facts and Procedural History

[2] Father and S.M.[1] ("Mother") are the parents of T.B., born March 29, 2007, and K.B., born November 11, 2008. Mother and Father never married, but Father acknowledged paternity of Children. On July 15, 2013, DCS filed petitions to adjudicate Children as Children in Need of Services (CHINS) because domestic violence between Mother and her boyfriend occurred in the presence of Children, Mother's boyfriend used drugs in the home, and Father was incarcerated. Mother agreed to cease contact with her boyfriend, and the court permitted Children to stay in the home. On August 13, 2013, Children were removed from the home and placed with relatives because Mother violated a court order requiring her to keep Children in Shelby County.

[3] The trial court held an initial hearing on the July 15 CHINS petition on August 29, 2013, and Father appeared telephonically because he was incarcerated.[2] He

---

[1] The court also terminated Mother's parental rights. Mother does not participate in this appeal.

[2] The record before us was difficult to review because two of the exhibits the parties relied on were over one hundred pages and did not have page numbers. In addition, Father did not include one of the termination orders in his appendix, though DCS provided it in its Appellee's Appendix.

denied the allegations of the CHINS petition. On October 3, 2013, the trial court held a fact-finding hearing and adjudicated Children as CHINS based on Parents' admissions. It transferred the case to Blackford County. Children were initially placed with two different sets of relatives, and in February 2014, Children were moved to foster care, where they resided for the rest of the CHINS and TPR proceedings.

[4] The dispositional hearing was delayed multiple times due to Mother's failure to appear and Father's incarceration. On May 14, 2014, the trial court held a dispositional hearing. On May 20, 2014, the trial court issued an order requiring Father to, among other things, refrain from drug use; submit to random drug screens; complete a substance evaluation and follow recommendations; complete a parenting assessment and follow recommendations; visit with Children; and complete the services ordered as part of a prior CHINS case in Rush County, including the Fatherhood Engagement Program.

[5] On November 14, 2014, the trial court ordered Children's permanency plans changed from reunification to termination of parental rights and adoption by foster parents. On November 25, 2014, DCS filed petitions to terminate Father's parental rights to Children. The trial court held a fact-finding hearing on the termination petitions on April 29, 2015. On May 18, 2015, the trial court terminated Father's parental rights.

## Discussion and Decision

[6] We review termination of parental rights with great deference. *In re K.S., D.S., & B.G.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* In deference to the juvenile court's unique position to assess the evidence, we will set aside a judgment terminating a parent's rights only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

[7] When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the juvenile court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208.

[8] "The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. A trial court must

subordinate the interests of the parents to those of the child, however, when evaluating the circumstances surrounding a termination. *In re K.S.*, 750 N.E.2d at 837. The right to raise one's own child should not be terminated solely because there is a better home available for the child, *id.*, but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id.* at 836.

To terminate a parent-child relationship, the State must allege and prove:

> (A) that one (1) of the following is true:
>
>> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
>>
>> (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
>>
>> (iii) The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;
>
> (B) that one (1) of the following is true:
>
>> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

> (ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

> (iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

> (C) that termination is in the best interests of the child; and

> (D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). The State must provide clear and convincing proof of these allegations. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

[10] DCS does not have to prove both a reasonable probability the conditions that resulted in Child's removal will not be remedied *and* the continuation of the parent-child relationship between Father and Child posed a threat to the well-being of Children. The statute is written in the disjunctive, and DCS must prove either by clear and convincing evidence. *See* Ind. Code § 31-35-2-4. Father argues DCS did not prove the conditions that resulted in Children's removal would not be remedied. He does not contest the trial court's findings supporting its conclusion the continuation of the parent-child relationship posed a threat to the well-being of Children. As DCS is required to prove only one of these requirements, and Father does not challenge the trial court's findings and conclusions regarding the well-being of Children, we need not address that provision.

[11] DCS presented sufficient evidence to terminate Father's parental rights to Children. Father was incarcerated for fifteen of the twenty-one months Children were removed from Mother's home. During the proceedings, Father was arrested for possession of methamphetamine, marijuana, and related paraphernalia, and violated probation for an earlier methamphetamine conviction in Rush County. While Father completed substance abuse and parenting assessments in July 2014, he did not follow through with the recommendations of the assessments such as participation in substance abuse treatment, NA/AA meetings, and therapy. Father testified he completed substance abuse treatment while incarcerated but did not provide documentation. On his release from incarceration, Father participated in supervised visits with Children, but visits had to be reduced to once a week because Father cancelled many visits. Father's last visit with Children was July 9, 2014. Father's arguments highlighting his compliance with some of the requirements of his parental participation decree are invitations for us to reweigh the evidence, which we cannot do. *See In re D.D.*, 804 N.E.2d at 265 (appellate court does not reweigh evidence or judge the credibility of witnesses).[3] As such, DCS presented sufficient evidence to terminate Father's parental rights to Children.

---

[3] Father argues he "was not given appropriate opportunity to remedy the issues that were the basis for DCS' petition to terminate Father's parental rights." (Br. of Appellant at 1.) He claims DCS and the trial court "failed to grant Father the adequate time and opportunity to improve the situations for both himself, and T.B. and K.B." (*Id*. at 11.) These arguments appear to be related to services offered as part of the CHINS adjudication, which we cannot consider as part of a termination appeal. *See In re H.L.*, 915 N.E.2d 145, 148

# Conclusion

[12] DCS provided sufficient evidence to support the trial court's decision to terminate Father's parental rights to Children. Accordingly, we affirm.

[13] Affirmed.

Najam, J., and Riley, J., concur.

---

n.3 (Ind. Ct. App. 2009) ("failure to provide services does not serve as a basis on which to directly attack a termination order as contrary to law").